# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| TINA CARTER, HOWARD HOPKINS, <br><br> Plaintiffs, <br><br> v. <br><br> TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, <br><br> Defendants. | CIVIL ACTION NO. |

### DEFENDANT TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant Transcontinental Gas Pipe Line Company LLC ("Transco") files this Notice of Removal, removing the above-captioned case from the Superior Court of Paulding County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

### *Statement of Removal*

1. On July 20, 2021, Plaintiff commenced the above-captioned action in the Superior Court of Paulding County, Georgia by filing a Complaint.

2.   Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint is attached hereto and incorporated herein as **Exhibit A**. Transco was served with the Summons and Complaint on July 22, 2021.  *See* Sheriff's Entry of Service, attached as **Exhibit A**.

3.   Other than the filing and service of the Summons and Complaint, no other pleadings, process, or orders have been filed in the state court action.  Transco is filing with this Notice of Removal copies of all process, pleadings, and orders served upon it in the state court action.  28 U.S.C. § 1446(a).

4.   Transco has not made any filings in the state court action.

5.   Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6.   District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  28 U.S.C. § 1332.

### *Diversity Jurisdiction*

7.   Plaintiffs are citizens of Georgia.  (Compl. ¶ 1.)

8.   Transcontinental Gas Pipe Line Company, LLC is a foreign entity (Compl. ¶ 3) and limited liability company with one member: Williams Partners

Operating LLC.  Williams Partners Operating LLC is a limited liability company with one member: The Williams Companies, Inc.  The Williams Companies, Inc. is incorporated in Delaware and has its principal place of business in Tulsa, Oklahoma. Thus, for diversity purposes, Transcontinental Gas Pipe Line Company, LLC is a citizen of Delaware and Oklahoma, not Georgia.

9. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). As such, a defendant seeking to remove a case to federal court need only file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019). *See Bryant v. Publix Super Markets, Inc.*, No. 1:20-CV-3916-JPB-CCB, 2021 WL 2470454, at *5 (N.D. Ga. Mar. 26, 2021) (applying Anderson in a diversity jurisdiction case under section 1332). Here, the jurisdictional threshold has been met.

10. In addition, where a Complaint does not state a specific amount of damages the District Court applies judicial experience and common sense. *See, e.g.*, *Smith v. Family Dollar Stores, Inc.*, No. 7:14-cv-161-SLB, 2014 U.S. Dist. LEXIS

134930, at *7-8 (N.D. Ala. Sep. 25, 2014) (finding the amount in controversy more likely than not satisfied the jurisdictional threshold where complaint failed to pled a specific amount of damages). Here the Complaint's factual allegations, claims asserted and damages requested also show Plaintiffs seek more than $75,000, exclusive of interest and costs. Plaintiffs allege that they "have been, are, and will continue to be" damaged because Transco caused sediments, siltation, chemicals and other runoff to be deposited into the lake on their property (Compl. ¶¶ 29 to 33). Plaintiff allege "sever" discoloration and siltation in the lake, that "large batches of mud" and other contaminants entered the lake, that "sludge flowed freely" into a connected stream and that construction spoil and liquid waste including horizontal directional drilling muds and polymers, and chemical flocculant polluted the lake, killing all of the fish and other wildlife. (Compl. ¶¶ 6 to 19). All told, according to Plaintiffs, 70% percent of the lake's original volume has been displaced by sludge and the lake's drain pipe has been clogged, causing the lake to overflow repeatedly, damaging the dam and the access point to their property, which necessitated "costly emergency repairs." (Compl. ¶¶ 24 to 28). Plaintiffs also seek punitive damages. (Compl. ¶¶ 39 to 41). Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases. *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

11. Plaintiffs further failed or refused to stipulate or admit that they do not seek above $ 75,000. *See Smith*, 2014 U.S. Dist. LEXIS 134930, at *14 ("plaintiffs' refusal to stipulate or admit that they do not seek above $75,000 does provide additional support for defendants' argument").

### *Removal Procedure*

12. Removal of this case is timely under 28 U.S.C. § 1446(b) because the Notice of Removal is filed within thirty (30) days of the Defendant being served with the Complaint.

13. Removal is properly made to the United States District Court for the Northern District of Georgia, Rome Division, under § 1441(a) because Paulding County, Georgia, where this action was filed, is within the Northern District of Georgia, Rome Division.  *See* 28 U.S.C. § 90(a)(3).

14. Transco will file written notice of the filing of this Notice of Removal with the Clerk of the Superior Court of Bartow County, Georgia concurrently with filing this Notice of Removal and will serve same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Transco hereby removes this action from the Superior Court of Paulding County, Georgia and requests that this action proceed as properly removed to this Court.

Respectfully submitted this 20th day of August, 2021.

        **KOENIG LAW GROUP, P.C.**

        /s/ George A. Koenig
        George Koenig
        Georgia Bar No. 427626
        Peachtree 25th, Suite 599
        1718 Peachtree Street, N.W.
        Atlanta, Georgia 30309
        Phone: 678-539-6171
        Fax: 678-539-6218

        *Attorneys for Defendant Transcontinental Gas Pipe Line Company*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| TINA CARTER,<br>HOWARD HOPKINS,<br><br>  Plaintiffs,<br><br>v.<br><br>TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,<br><br>  Defendants. | CIVIL ACTION NO. |

## CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Defendant hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 20th day of August, 2021, served the foregoing Notice of Removal by filing it with the Clerk of Court using the CM/ECF system and by mailing a true and correct copy of same to be served by electronic mail, as follows:

> Thomas H. Camp
> The Camp Law Firm LLC
> P.O. Box 2349
> Newnan, Georgia 30264
> harry@thecampfirm.com

- 8 -

This 20th day of August, 2021.

> By: */s/ George A. Koenig*
> George Koenig
> Georgia Bar No. 427626